IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| § | | |
| WINLAND OCEAN SHIPPING § | | |
| CORP, *et al.*,[1] § | | Case No. 15-60007 (DRJ) |
| § | | |
| Debtors. § | | (Jointly Administered) |

| | | |
|---|---|---|
| WON LEE SHIPPING CO., LTD. (HK) § | | |
| § | | |
| § | | |
| § | | **Adversary Proceeding** |
| **Plaintiff,** § | | |
| § | | **No.**_____ |
| vs. § | | |
| § | | |
| CHINA MERCHANTS BANK CO. LTD. § | | |
| § | | |
| **Defendant** § | | |

**COMPLAINT TO COMPEL TURNOVER AND FOR
PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Won Lee Shipping Co. Ltd. (HK), debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy proceeding ("Won Lee" or "Plaintiff"), and files this Original Complaint to Compel Turnover and for Preliminary and Permanent Injunctive Relief.  In support thereof, the Plaintiff respectfully shows as follows:

**I.  NATURE OF THE ACTION**

1. Plaintiff brings this action to recover the vessel the "M.V. Rui Lee" (the "Vessel"), which has been arrested by Defendant China Merchants Bank Co. Ltd. ("Defendant")

---

[1] The Debtors in these chapter 11 cases are: (1) Winland Ocean Shipping Corporation ("Winland"); (2) SkyAce Group Limited (BVI) ("SkyAce"); (3) Plentimillion Group Limited (BVI) ("Plentimillion"); (4) Fon Tai Shipping Co. Ltd. (HK) ("Fon Tai"); (5) Winland Dalian Shipping S.A. (Panama) ("Winland Dalian"); and (6) Won Lee Shipping Co. Ltd. (HK) ("Won Lee").

1

at a port in Singapore.

2.     Plaintiff seeks (i) issuance of a preliminary injunction pursuant to §§ 105 and 362(a)(3) restraining Defendant from retaining and/or obtaining possession of property of the estate or exercising control over property of the estate, including without limitation the Vessel; (ii) a permanent injunction restraining Defendant from retaining and/or obtaining possession of property of the estate or exercising control over property of the estate without Court order; (iii) a determination by this Court that Defendant (a) must turn over the Vessel pursuant to § 542(a) and/or § 543(b); and (b) is in violation of the automatic stay by exercising control over and refusing to return the Vessel; (iv) damages for Defendant's violation of the automatic stay and as otherwise deemed appropriate by the Court; and (v) Plaintiff's reasonable and necessary attorneys' fees and costs of suit.

## II. THE PARTIES

3.     Plaintiff owns the Vessel and is an individual ship owning company that is engaged in the business of international ocean transportation of bulk cargo.  Plaintiff, along with other affiliated entities (referred to collectively as the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") on February 12, 2015 (the "Petition Date").  The Plaintiff and affiliated entities continue to operate their business and manage their property as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.[2]

4.     Defendant China Merchants Bank Co. Ltd. loaned money to the Debtors which the Plaintiff used to purchase the Vessel. The Defendant is a China-based commercial bank and

---

[2] Additional information regarding Plaintiff, their affiliated debtors, and the circumstances leading up to the Petition Date is available in the Declaration of Robert E. Ogle in Support of Debtors' Chapter 11 Petitions and First Day Pleadings (the "Declaration").  Capitalized terms not defined herein shall have the meaning used in the Declaration.

2

does business globally, including with a subsidiary, China Merchants Bank Co., Ltd.- NY, a New York based company. Defendant may be served with process by mailing a copy of the summons and Complaint, via United States first class mail, postage prepaid to the attention of Defendant's counsel Robin Russell and Timothy A. ("Tad") Davidson II, Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, TX 77002.

### III. JURISDICTION AND VENUE

5.  This adversary proceeding is commenced pursuant to 11 U.S.C. §§ 105, 362, 542(a) and 543 and Federal Rules of Bankruptcy Procedure 7001 and 7065.

6.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (2)(A), and (2)(E) and 1334. Venue is proper in this district pursuant to 28 U.S.C. §1409(a) because the chapter 11 cases this adversary proceeding relates to are pending in this district.

7.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O). In accordance with Local Rule 7008-1, the Plaintiff consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

### IV.  BACKGROUND FACTS

8.  Prior to the Petition Date, the Vessel was arrested by Milestone Shipping, S.A. ("Milestone") in Singapore pursuant to a Warrant of Arrest issued in the action *Milestone Shipping, S.A. v. Owner of the Vessel Rui Lee*, Case No. ADM 103/2014 (the "Milestone Action"), in the High Court of the Republic of Singapore. The Milestone Action includes allegations of breach of contract, breach of duty, negligence and tort claims stemming from the

3

charter of the M.V. Rui Lee from the Persian Gulf to China on or about March 5, 2014 and the carriage of certain iron ore cargo that allegedly resulted in loss, damage, non-delivery and/or delays.

9. China Merchants Bank Co. Ltd. intervened in the Milestone Action on September 11, 2014, and filed an action in the High Court of the Republic of Singapore against the Debtor Won Lee, as the owner of the vessel, Case No. ADM 162/2014 (the "CMB Action") for failure to make payments when due on the outstanding loan secured by the M.V. Rui Lee, and is requesting, among other things, payment of all amounts due under the loan.

10. The Vessel is regularly employed in international trade and calls on ports worldwide. The Plaintiff's largest asset and sole means for revenue is the Vessel. Proceeds from charters of the Vessel are the Plaintiff's primary source of income. As a result of Defendant's arrest of the Vessel, the Vessel is currently laid up in port, losing income and accruing crew fees, arrest fees and other expenses, rather than generating funds that would inure to the benefit of the Plaintiff's estate, creditors, and Defendant. With every day that the Vessel is under arrest in port, Plaintiff is missing charter opportunities for the Vessels, which could be generating funds to pay creditors and fund the reorganization process.

11. As such, unless this Court immediately orders turnover of the Vessel to Plaintiff, the reorganization efforts of Plaintiff and its affiliated Debtors will be severely and negatively impacted. Further, absent relief from this Court, Plaintiff believe that the Vessel will ultimately be sold in inefficient judicial foreclosure proceedings, which will fail to maximize the value of the Vessel for the benefit of the bankruptcy estate of the Plaintiff and all creditors.

12. Unless Defendant is deterred from, and Plaintiff is compensated for, this conduct, Plaintiff's creditors will ultimately pay the price for this injury. Defendant is in violation of the

automatic stay, is injuring the Plaintiff's goodwill in the maritime industry, and is causing a tremendous loss of income to the Plaintiff's bankruptcy estate. Plaintiff seeks the assistance of this Court to deter continued and future violations of the automatic stay in this case, to prevent the loss of customers and good will, and to return the Vessel to Plaintiff's bankruptcy estate. Plaintiff also requests that this Court award damages to it for Defendant's wrongdoings.

13. All conditions precedent to Plaintiff's claims and causes of action have been performed or have occurred.

### V.  CAUSES OF ACTION

**COUNT ONE: ISSUANCE OF A PRELIMINARY INJUNCTION**

14. Plaintiff incorporates by reference all of the allegations of the foregoing paragraphs as applicable.

15. Bankruptcy Courts have authority to issue injunctive relief pursuant to § 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065, which makes Federal Rule of Civil Procedure 65 applicable in adversary proceedings. *See* 11 U.S.C. § 105; Fed. R. Bankr. P. 7065.  A party is entitled to a preliminary injunction when there is (i) a substantial likelihood of success on the merits; (ii) a substantial threat that the party will suffer irreparable injury if the injunction is not issued; (iii) the threatened injury to the party outweighs any damage the injunction might cause the opponent; and (iv) the injunction will not disserve the public interest.  *Daniels Health Sciences, LLC v. Vascular Health Sciences, LLC*, 710 F.3d 579, 582 (5th Cir. 2013); *Pipkin v. JVM Operating, LC*, 197 B.R. 47, 55 (E.D. Tex. 1996).  Pursuant to §105 and Federal Rule of Bankruptcy Procedure 7065, Plaintiff seeks a preliminary injunction preventing Defendant from holding possession of the Vessel in  violation  of  the  Bankruptcy Code.  Without such relief, Plaintiff will suffer immediate and irreparable injury, loss, or damage before the Defendant can be heard in opposition.  *See* Fed. R. Civ. P. 65, made applicable to this

proceeding through Fed. R. Bankr. P. 7065.

### A. Likelihood of Success on the Merits

16. The movant must present a *prima face* case of its claim to demonstrate its likelihood of success on the merits, but the movant does not need to prove its success as a matter of law. *Daniels Health Sciences*, 710 F.3d at 582. Plaintiff can show a likelihood of success on the merits because the Vessel is property of its bankruptcy estate and Defendant has not obtained Court approval for relief from the automatic stay. As such, the Defendant's refusal to turn over the Vessel and its exercise of dominion and control over the Vessel is in clear violation of the automatic stay.

17. Property of the bankruptcy estate is "comprised of all the following property, wherever located: …all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983). The scope of section 541(a)(1) is broad. *U.S. v. Whiting Pools, Inc.*, 462 U.S. at 205 (citing H.R. Rep. No. 95-595, p. 367 (1977)). Although the Plaintiff does not have possession of the Vessel, it is still the owner of the Vessel and has a legal and/or equitable interest in the Vessel. Therefore, the Vessel is property of the Plaintiff's bankruptcy estate despite the fact that it has been arrested by the Defendant.

18. The filing of a bankruptcy petition operates to stay any act to obtain possession of property of or from the estate, or to exercise control over property of the estate. 11 U.S.C. §362(a)(3). The Defendant did not seek relief from the automatic stay, yet the Defendant continues to exercise control over the Vessel in clear violation of § 362(a)(3) of the Bankruptcy Code. Plaintiff has informed Defendant of its pending bankruptcy case and has requested that Defendant turn over the Vessel as property of the bankruptcy estate. Despite these attempts, Defendant has refused to turn over the Vessel to Plaintiff. Defendant is not only in violation of

the automatic stay but continues to knowingly and willfully violate the automatic stay to the detriment of the Plaintiff's bankruptcy estates and, ultimately, to the detriment of the Plaintiff's creditors.

### *B. Irreparable Injury*

19. A party is likely to suffer irreparable harm where there is no adequate remedy at law for the harm. *Daniels Health Sciences*, 710 F.3d at 585. For example, "injury to a party's operations, reputation, and goodwill" is irreparable because monetary remedies cannot undue such injury. *Pipkin*, 197 B.R. at 56. Further, financial harm rises to the level of irreparable harm "where the potential economic loss is so great as to threaten the existence of the movant's business." *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1179 (5th Cir. 1989). Moreover, injury resulting from violation of the automatic stay is irreparable. *See United States Lines, Inc. v. GAC Marine Fuels Ltd. (In re McLean Indus., Inc.)*, 68 B.R. 690, 694 (Bankr. S.D.N.Y. 1986) (issuing preliminary injunction ordering defendant to release seized vessels of the debtor).

20. Plaintiff's business relies on the operation of its Vessel. The seizure of the Vessel prevents the Plaintiff from operating in the ordinary course of business. Plaintiff is unable to generate revenue because the Vessel is prohibited from obtaining and fulfilling charter obligations. The Plaintiff's sole revenue generating asset is the Vessel; without it, the Plaintiff's business will not be able to exist. Furthermore, as the Vessel sits in port unable to work, it is accruing additional liabilities, such as crew wages, crew provisions, bunkers, and costs of *in custodia legis*, among others. In addition, Defendant's dominion and control over the Vessel injures Plaintiff's reputation and goodwill by calling into question Plaintiff's ability to timely deliver cargo and fulfill charter obligations.

### C. Balance of Hardships

21.     A balance of the hardships weighs in the favor of Plaintiff.  The issuance of a temporary injunction merely protects estate property and the Plaintiff's reorganization process. *See, In re FiberTower Network Servs. Corp.*, 482 B.R. 169, 189 (Bankr. N.D. Tex. 2012). Without this preliminary injunction restraining Defendant from holding the Vessel in violation of the Bankruptcy Code, Plaintiff will be unable to effectively reorganize and its business will be significantly harmed because it cannot generate revenues without the Vessel.  On the other hand, Defendant will not be harmed by a preliminary injunction. Defendant's claims and any rights it might have against the Plaintiff will be preserved through the bankruptcy process.  Likewise, as the Vessel is put back to work, it will generate significant income that will benefit both the Plaintiff and Defendant.

### D. Public Interest

22.     Lastly, granting the Plaintiff a preliminary injunction serves the public interest.  Courts generally find that injunctions that facilitate reorganizations serve the public interest.  *In re FiberTower*, 482 B.R. at 189.  "Chapter 11 expresses the public interest of preserving going-concern values of businesses, protecting jobs, ensuring the equal treatment of any payment of creditors, and if possible saving something for the equity holders." *Id*.  Where a debtor's chance for successful reorganization is jeopardized without the requested injunctive relief, such relief serves the public interest.  *Id*. at 190.  Here, Plaintiff's chance for successful reorganization will be greatly jeopardized if Defendant continues to control and possess the Vessel.  Further, Defendant's arrest of the Vessel goes against the underling purpose of the Bankruptcy Code, which attempts to ensure the equal treatment of creditors.

*E. Immediate Relief is Necessary*

23.     Plaintiff seeks a preliminary injuction preventing Defendant from holding possession of the Vessel in violation of the Bankruptcy Code.  Without such relief, Plaintiff will suffer immediate and irreparable injury and loss.  Every day in which the Vessel is held at port, the Plaintiff and its bankruptcy estate is losing funds.   Plaintiff cannot generate funds or run its business without control over its Vessel.  There is no guarantee that the Vessel will be sold for the highest and best price and any sale of the Vessel will be to the detriment of the Plaintiff's bankruptcy estate and the Plaintiff's creditors.   Therefore, Plaintiff is irreparably harmed by Defendant's continuing possession of and refusal to turn over the Vessel, and Plaintiff requires a preliminary injunction.

**COUNT TWO: ISSUANCE OF A PERMANENT INJUNCTION**

24.     Plaintiff incorporates by reference all of the allegations of the foregoing paragraphs as applicable.

*A. Plaintiff Meets the Requirements for a Permanent Injunction*

25.     A plaintiff seeking a permanent injunction must demonstrate that: (1) it has suffered an irreparable injury; (2) the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the hardships between the parties, a remedy in equity is warranted; and (4) the public interest will not be disserved by a permanent injunction. *See ebay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006).

26.     As discussed *supra*, Plaintiff's business relies on the operation of the Vessel.  The seizure of the Vessel prevents the Plaintiff from operating its businesses and bringing in revenues.  Plaintiff's reputation and goodwill will continue to deteriorate as Plaintiff continues to forego charter opportunities as a result of Defendant's possession of the Vessel in violation of the Bankruptcy Code.  Monetary damages are inadequate to remedy the injury to Plaintiff because

9

the potential economic loss threatens the existence of the Plaintiff's business. *See Atwood Turnkey Drilling*, 875 F.2d at 1179. While Plaintiff will be substantially harmed without a permanent injunction, the issuance of the injunction will protect estate property and the Plaintiff's reorganization process, resulting in little to no harm to Defendant. Lastly, the public interest will not be disserved by the issuance of a permanent injunction because an injunction will preserve going-concern values of the businesses and ensure the equal treatment of any payment of creditors. *See In re FiberTower*, 482 B.R. at 189.

27. Therefore, Plaintiff satisfies these four factors, and the Court should issue a permanent injunction restraining Defendant from holding possession of the Vessel in violation of the Bankruptcy Code.

### B. Actual Damages, Attorneys' Fees and Costs

28. The Court may award damages for violation of the automatic stay to a corporate debtor pursuant to its equitable powers and in enforcement of the Court's civil contempt power under § 105 of the Bankruptcy Code. *See* 11 U.S.C. § 105; *In re San Angelo Pro Hockey Club, Inc.*¸ 292 B.R. 118, 124 (Bankr. N.D. Tex. 2003); *In re MD Promenade, Inc.*, 2009 WL 80203, *12 (Bankr. N.D. Tex. Jan. 8, 2009). The automatic stay is a self-executing injunction and constitutes an order issuing from the bankruptcy court for contempt purposes. *San Angelo Pro Hockey Club*, 292 B.R. at 124. A sanction of civil contempt serves to insure compliance with the automatic stay and to compensate the bankruptcy estate for losses or damages sustained because of a stay violation. *San Angelo Pro Hockey Club*, 292 B.R. at 124; *MD Promenade*, 2009 WL 80203 at *12. A violation of the automatic stay is willful, and thus justifies sanctions under §105, where the defendants committed intentional acts with knowledge of the bankruptcy petition. *MD Promenade*, 2009 WL 80203 at *13. Specific intent to violate the stay is not required. *San Angelo Pro Hockey Club*, 292 B.R. at 125.

29. Defendant is aware of the Plaintiff's bankruptcy petitions. Plaintiff sent Defendant notices, informing Defendant of the bankruptcy cases and requesting that Defendant turn the Vessel over to Plaintiff. Regardless of these attempts to recover the Vessel and Defendant's knowledge of the bankruptcy proceedings, Defendant continues to exercise control over the Vessel in violation of the automatic stay. Therefore, Defendant continues to engage in a willful violation of the Bankruptcy Court's court-ordered automatic stay injunction, and Plaintiff is entitled to their actual damages, attorneys' fees, and costs.

30. As such, Plaintiff requests the Court grant it actual damages, which are unliquidated and continue to increase with each day that the Vessel is deprived of contractual opportunities because of the Defendant's willful violation of the stay. In addition, Plaintiff request that the court award it reasonable attorneys' fees and costs incurred in bringing this adversary proceeding to enforce the provisions of the Bankruptcy Code.

**COUNT THREE: TURNOVER OF PROPERTY OF THE ESTATE TO PLAINTIFF**

31. Plaintiff incorporates by reference all of the allegations of the foregoing paragraphs as applicable.

*A. Turnover Required Under Section 542(a)*

32. Plaintiff seeks the turnover of the Vessel pursuant to § 542(a) of the Bankruptcy Code. Section 542 of the Bankruptcy Code requires any entity in possession of property that a debtor may use, sell, or lease under section 363 to deliver such property to the debtor. 11 U.S.C. § 542(a).

33. The Vessel is estate property pursuant to § 541 of the Bankruptcy Code. Property of the bankruptcy estate is "comprised of all the following property, wherever located: …all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983). The scope of section 541(a)(1)

is broad and is intended to include any property made available to the estate by other provisions of the Bankruptcy Code, even property "in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced." *U.S. v. Whiting Pools, Inc.*, 462 U.S. at 205 (citing H.R. Rep. No. 95-595, p. 367 (1977)). Even where a creditor repossesses property prior to the petition date, the debtor has a continuing equitable interest in the property. *Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 76-77 (2d Cir. 2013). Section 541 gathers all of the debtor's interests in property, wherever located and by whomever held. *Id.*; 11 U.S.C. § 541(a). Plaintiff has equitable interests in the Vessel. The Defendant's arrest of the Vessel does not eliminate the Plaintiff's interest in it. As such, as of the Petition Date, the Vessel automatically became property of the Plaintiff's bankruptcy estate.

34.     Section 542 of the Bankruptcy Code works in connection with section 541 by requiring that any "entity in possession, custody, or control of property of the estate *shall deliver* that property to the trustee." 11 U.S.C. § 542(a) (emphasis added); *In re Weber*, 719 F.3d at 79. In a chapter 11 bankruptcy, a debtor in possession has all rights and powers, and shall perform all the functions and duties of a trustee. 11 U.S.C. § 1107(a). Therefore, the delivery obligation of section 542(a) contemplates the debtor in possession as the recipient of property of the estate. *See* 11 U.S.C. §§ 1107(a), 542(a); *In re Weber*, 719 F.3d at 76. Therefore, pursuant to the Bankruptcy Code, all property of the Plaintiff that the Plaintiff could use, sell or lease under § 363 of the Bankruptcy Code, shall be delivered to Plaintiff for administration through the bankruptcy estates and provisions of the Bankruptcy Code. *See* 11 U.S.C. §§ 1107(a), 542(a). The Plaintiff can use the Vessel pursuant to § 363. The Plaintiff is regularly engaged in the business of international shipping and not only can, but does, use the Vessel for such purposes. Therefore, the Plaintiff not only can, but seeks to, use the Vessel in the ordinary course of

business, without notice or hearing, pursuant to § 363. *See* 11 U.S.C. § 363(b)(1). Further, section 542 is self-executing; Plaintiff was not obligated to initiate an additional proceeding or obtain a court order to compel turnover, Defendant was required to deliver the Vessel to Plaintiff "without condition or any further action." *In re Weber*, 719 F.3d at 79. "The primary goal of reorganization bankruptcy is to group *all* of the debtor's property together in his estate such that he may rehabilitate his credit and pay off his debts…[a]n asset actively used by a debtor serves a greater purpose to both the debtor and his creditors than an asset sitting idle on a creditor's lot." *Id*. at 81 (quoting *Thompson v. Gen. Motors Acceptance Corp.*, 566 F.3d 699, 702 (7th Cir. 2009)).

35. Defendant is in control of Plaintiff's Vessel. Defendant is aware of the filing of these bankruptcy cases and is aware of the requirement that it must return the Vessel to Plaintiff pursuant to the Bankruptcy Code. Further, Defendant's control over the Vessel is in violation of the automatic stay. Under the bankruptcy code, Defendant must deliver the Vessel to Plaintiff so that Plaintiff can use the Vessel to rehabilitate its credit and pay off its debts through the bankruptcy process. Defendant refuses to return the Vessel to Plaintiff and the Plaintiff's bankruptcy estate, therefore, the Court should compel turnover of the Vessel.

### B. In the Alternative, Turnover is Required Under Section 543(b)

36. While Plaintiff does not believe Defendant is the custodian of the Vessel, if the Court finds the Defendant is indeed the custodian, section 543(b) of the Bankruptcy Code requires Defendant to deliver the Vessel to the Plaintiff nevertheless. Section 543 requires a custodian to deliver any property of the debtor that is in the custodian's possession to the debtor as of the date such custodian becomes aware of the bankruptcy case. 11 U.S.C. § 543(b). Plaintiff has notified Defendant of its bankruptcy case. Therefore, the Defendant is aware of the bankruptcy case and, even if the Court determines it is the custodian, the Bankruptcy Code

13

requires the Defendant to deliver the Vessel to the Plaintiff.

37. Accordingly, Plaintiff asks that the Court order immediate turnover of the Vessel under Bankruptcy Code §§ 542(a) and/or 543(b).

## VI.  REQUESTED RELIEF

WHEREFORE, in accordance with the pleadings set forth herein, Plaintiff respectfully requests the Court:

a) issue a preliminary injunction pursuant to § 362(a)(3), restraining Defendant from obtaining possession of or exercising control over the Vessel or other property of the estate;

b) issue a permanent injunction restraining Defendant from obtaining possession of property of the estate or exercising control over the Vessel or other property of the estate without Court order;

c) declare that Defendant has violated and continues to violate the automatic stay by exercising control over the Vessel and/or other property of the estate;

d) direct Defendant to immediately turn the Vessel over to Plaintiff;

e) determine and award Plaintiff its actual damages for Defendant's violation of the automatic stay and any other damages as may be available by law or equity;

f) award Plaintiff its reasonable and necessary attorneys' fees;

g) award Plaintiff its costs of suit; and

h) order such other and further relief to which the Court deems just, equitable, and proper.

Respectfully submitted this 25th day of March 2015.

**OKIN & ADAMS LLP**

By:    /s/ *Matthew S. Okin*
      Matthew S. Okin
      Texas Bar No. 00784695
      Email: mokin@okinadams.com
      George Y. Niño
      Texas Bar No. 00786456
      Email: gnino@okinadams.com
      David L. Curry, Jr.
      Texas  Bar No. 24065107
      Email: dcurry@okinadams.com
      1113 Vine St. Suite 201
      Houston, TX  77002
      Tel: (713) 228-4100
      Fax: (888) 865-2118

**ATTORNEYS FOR THE PLAINTIFF**